[Crim. No. 10114. Second Dist., Div. Two. July 12, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. THELMA MAXINE MILLS, Defendant and Appellant.

Cary G. Branch for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Harvey D. Unrot, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.—A jury convicted appellant of violation of Health and Safety Code, section 11500 (possession of heroin). Two alleged prior felony convictions were admitted. She appeals from the judgment.

Prior to January 30, 1964, Officer Dorrell of the Los Angeles Police Department had twice investigated appellant for narcotics. On one of these occasions a search had been conducted of her residence but it had failed to uncover any contraband.

On January 30, 1964, Officers Dorrell and Fesler, acting on information supplied to them by an informer, went to appellant's residence to conduct an investigation. On arrival they informed appellant that they had information that she was

selling narcotics from her house. She denied this charge and consented to a search of the house.[1]

Ten and one-half grams of heroin concealed in the mouthpiece of a telephone were uncovered. Appellant denied knowing how it had found its way into the phone when shown the package of heroin.

Dorrell testified that he had been informed that he had missed the heroin on his prior search because of its unusual concealment. He stated that on this occasion in order to protect his informant, he first made two calls and waited an hour before searching the phone.

Officer Fesler testified that while he and Dorrell were in the residence, he examined appellant's arms and eyes and concluded that she was a narcotics user and was actually under the influence of narcotics at the time. Fesler also testified that he asked appellant how long she had been using narcotics. "She stated she started using marijuana when she was 19 and she started using heroin when she was 21. She stated that she had kicked the habit of heroin once in 1950, and that she hadn't used heroin since that date."

■ Appellant contends that all of her vocal utterances, beginning with her oral consent to search, were inadmissible under *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].

In *Dorado,* the court held that "Only when the investigatory stage has become an accusatory one, that is, when it has begun to focus on a particular suspect, the suspect has been taken into police custody, and the police have carried out a process of interrogations that lends itself to eliciting incriminating statements, does the doctrine of *Escobedo* apply and the confession given without the required warning or other clear evidence of waiver become inadmissible evidence. Moreover, an important consideration in determining whether the accusatory stage had thus been reached must be a careful concern that there be no interference with the legitimate police investigation of an unsolved crime." (At

---

[1]Appellant related the conversation that took place as follows: ". . . told me that some informer had told him I was dealing narcotics. So I told him to come on in. He said, 'Well, do you have any objection to us searching your house.'

"I said, 'No, go right ahead,' you know. So he said, 'Well, I will have to call a policewoman in so she can shake you down and Sarah Coleman down.'

"So I told them to go ahead and use the phone but I said that I had been having trouble with it. I told them I had called the telephone company and they were supposed to come today and fix the phone.' "

p. 354.) It is now settled that the statements excluded under *Dorado* include exculpatory statements. (*People* v. *Hillery*, 62 Cal.2d 692 [44 Cal.Rptr. 30, 401 P.2d 382].)

In the case at bench the officers were unquestionably conducting what amounted to no more than a third investigation into whether appellant possessed narcotics. At the time the officers gained appellant's consent to search the house, she was not under arrest and the narcotics had not been discovered. The consent to search was given before arrest.

■ Appellant also contends that since her consent to search was invalid under *Dorado,* that the police had no probable cause to search her house. Since we have held that the consent was not within the *Dorado* rule, it is clear that the search was not illegal.

The questions propounded to appellant after the discovery of the heroin were after arrest and although it is reasonable to assume that at this point guilt of the crime involved had focused on appellant, her answers constituted a denial of any knowledge of how the heroin got in the phone receiver, were not, in any respect, a confession or statement or admission which in any way implicated her in the commission of the crime under investigation.

*Dorado* has no application to the consent to a search elicited from appellant prior to her arrest.

Once the heroin was discovered and appellant placed under arrest, focus was no longer upon a suspected possessor of narcotics but upon an accused possessor of narcotics. At this point any attempt by the officers to elicit incriminating statements without first advising appellant of her constitutional rights, would be contrary to the rule of *Dorado*. ■ The test, of course, for determining whether the police had begun such a process of interrogation, is whether an analysis of the total situation surrounding the interrogation leads to such conclusion. (*People* v. *Stewart,* 62 Cal.2d 571, 579 [43 Cal. Rptr. 201, 400 P.2d 97].)

According to the officers' own testimony, appellant's explanation of her possession of the heroin was unsatisfactory, and she was placed under arrest. She was then subjected to a physical examination of her arms and hands and to a standard light-eye examination used to determine whether a person is under the influence of narcotics. ■ Appellant's statements that she had been using marijuana since 19 years of age and heroin since 21 years of age, were made

concurrent with the physical examinations. This total situation leads to the conclusion that the officers were attempting to elicit incriminating statements from appellant at this time.

The statements, however, did not constitute a confession to the crime charged (*People* v. *Robinson*, 62 Cal.2d 889 [44 Cal.Rptr. 762, 402 P.2d 834]) or to any crime for that matter. (*Robinson* v. *California*, 370 U.S. 660 [82 S.Ct. 1417, 8 L.Ed.2d 758].) ▮▮ Confessions alone require automatic reversal of the judgment notwithstanding other real evidence in the record. (*People* v. *Dorado, supra.*) All lesser admissions and statements come within the California prejudicial error rule. (*People* v. *Hillery, supra,* 62 Cal.2d 692.)

▮▮ In our opinion the statements were not prejudicial. They merely established that appellant had used narcotics in the past and asserted the fact that she had not used *heroin* since 1950. The crime charged was possession of heroin. The record contains sufficient evidence to sustain the conviction even if appellant's statements had been excluded. The statements standing alone established no material fact necessary to sustain the conviction. We, therefore, do not think it more reasonably probable that a different result would have occurred if the statements had been excluded. (*People* v. *Watson*, 46 Cal.2d 818 [299 P.2d 243].)

▮▮ Appellant also raises two evidentiary questions. She contends that it was error for the trial court to prevent the introduction of evidence showing the conduct of informers. Her defense was that an informer had planted the narcotics in her phone in order to protect his own freedom.

This point is without merit. Appellant at no time attempted to introduce evidence which would link the crime to the unknown informer. Appellant did not even attempt to have the informer's identity revealed. She cannot now be heard to say that the evidence contained in her offer of proof (showing the conduct of informers and how the police use and protect such informers) was relevant to her defense.

▮▮ The second point is that the court erroneously admitted evidence showing the price of 10½ grams of heroin. The charge was possession and not sale. The evidence so admitted, appellant urges, could be inflammatory and give appellant the complexion of a seller in the eyes of the jury. In our opinion the evidence was not material, but its admission was not prejudicial. It is common knowledge that heroin

is valuable and the finding of heroin in large quantities will inevitably raise inferences in a jury's mind, not necessarily confined to the crime of possession.

The judgment is affirmed.

Fleming, J., and Frampton, J. pro tem.,* concurred.

A petition for a rehearing was denied August 10, 1965, and appellant's petition for a hearing by the Supreme Court was denied September 8, 1965.

---

*Assigned by the Chairman of the Judicial Council.